# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| Mark McGarrah, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **COMPLAINT WITH** |
| Live Oak Financial, Inc., | ) | **JURY TRIAL DEMAND** |
| d/b/a CBV Collections Albany, | ) | |
| | ) | |
| Defendant | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1.   Plaintiff, Mark McGarrah, is a natural person who resides in Sumter County, Georgia.

2. Defendant, Live Oak Financial, Inc., d/b/a CBV Collections Albany, is a Georgia Corporation and can be served through its registered agent Brad Hallford, 2401 Dawson Road, Suite B6, Albany, Georgia 31707.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Albany Division because the conduct complained of herein occurred in Sumter County.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 51-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Since becoming disabled, the Plaintiff has fallen behind on certain consumer debts, primarily related to medical treatment.

14. As a result, he has received communications from the Defendant and its alter ego regarding an outstanding medical debt. On November 4th, 2022, the Plaintiff initiated a telephone call to the Defendant in an effort to obtain more

information about the account in collection.  At that time, he was connected with an individual identifying themself as "Nancy" and an agent of Defendant.

15. After verifying the Plaintiff's identity, Defendant confirmed that it was collecting a number of accounts on behalf of Phoebe Physician Group.  Defendant further advised that the total owed was $1,538.00 and this represented a combination of charges incurred in February and July of 2021.

16. The Plaintiff specifically asked if these accounts had been reported to his credit file. The Defendant responded that they had not, although some were eligible for reporting.

17. The Plaintiff and Defendant then discussed the possibility of establishing a payment arrangement with the Defendant assuring the Plaintiff that if he was able to commit to payment plan these accounts would not be reported to his credit file.

18. The Plaintiff is still trying to recover from his period of unemployment and preservation of his credit rating is of paramount importance to him.

19. The Plaintiff reached out to relatives and friends trying to raise funds in an effort to resolve the debt in collection by the Defendant and to avoid credit reporting. This caused Plaintiff significant embarrassment and consumed a significant amount of time.

20.     Near the end of October, 2022, the Plaintiff reviewed his credit report as published by Transunion, Experian, and Equifax. At that time, he discovered that, contrary to its representations, the Defendant, had been reporting an account in collection from Phoebe Physician Group for several months and certainly at the time of its conversation with the Plaintiff.

21.     The credit reporting orchestrated by the Defendant was made under several corporate aliases used by the Defendant, including CBV Collections, Inc., Credit Reporting Bureau of Southwest Georgia, and Credit Bureau of Southwest Georgia. None of the reporting by the Defendant was made under its own legal name.

22.     The Defendant's credit reporting of the Plaintiff's account using aliases and alter egos obscured its identity as the actual collector and hindered the Plaintiff's ability to investigate, dispute, and/or resolve his accounts. The Defendant's representations regarding its credit reporting of Plaintiff's account were objectively false and materially misleading.

## INJURIES-IN-FACT AND DAMAGES

23.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and

d.) Anxiety and worry caused by concern that Plaintiff was "missing out" on a substantial settlement opportunity that would shield him from adverse credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

27. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692e and its subparts*

28. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

30. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive

disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

31. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

32. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

33. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35. The Defendant's false representations to the Plaintiff regarding its credit reporting were a violation of 15 U.S.C. §§ 1692e and 1692e(10).

36. The Defendant's false reporting to the three major credit bureaus as to the identity of the party collecting the debt identified herein is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

37. Defendant's conduct violated 15 U.S.C. § 1692f.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of November, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*